UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. CR 17 3244 MV

ADAM ORTIZ

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Adam Ortiz's Motion to Reduce Sentence under 18 U.S.C. § 3582 and First Step Act of 2018 for Compassionate Release [Doc. 62] and Mr. Ortiz's three Motions to Appoint Counsel [Docs. 60, 61, 64]. The government filed a response to Mr. Ortiz's Motion to Reduce Sentence under 18 U.S.C. § 3582. Doc. 65. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Ortiz's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) is not well-taken and will be denied. However, the Court reserves ruling on Mr. Ortiz's motion for compassionate release and will grant his motions to appoint counsel on the matter.

## DISCUSSION

On September 18, 2019, pursuant to a Fed. R. Cr. P. 11(c)(1)(C) agreement, Mr. Ortiz was sentenced to 180 months of incarceration after pleading guilty to one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Ortiz filed a pro-se motion in which he asked for compassionate release and stated that "I was told to write you about the 922(g) laws. They say that the laws are changing." Doc. 62. The Court, along with the United States,

construes this as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), following amendments to the Sentencing Guidelines which took effect on November 1, 2023.

18 U.S.C. § 3582(c)(2) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retroactive Guideline amendments are a valid statutory reason to modify a sentence). At the time of Mr. Ortiz's sentencing, pursuant to U.S.S.G. § 4A1.1(d), the Guidelines applied two criminal history points, commonly referred to as "status points," if the defendant had committed the instant offense while under any criminal justice sentence. Accordingly, Mr. Ortiz received a criminal history score of 25, which placed him in a Criminal History Category of VI, the highest category. *See* PSR ¶¶ 45–47. Under Amendment 821 to the United States Sentencing Guidelines, the Sentencing Commission altered the "status points" provision, which now states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Sentencing Commission made this amendment retroactive beginning on February 1, 2024. U.S.S.G. § 1B1.10(d). If Mr. Ortiz were sentenced under the amended status points provision, he would receive one additional point instead of two, reducing his criminal history score to 24. This score would not change Mr. Ortiz's Criminal History Category and thus his guideline range of 168 to 201 months would remain the same. *See* PSR ¶ 78. Furthermore, Mr. Ortiz was subject to a mandatory minimum sentence of 15 years, or 180 months, and he was convicted pursuant to a Fed. R. Cr. P. 11(c)(1)(C) agreement. Accordingly, a reduction of Mr. Ortiz's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)

because the status point amendment "does not have the effect of lowering [Mr. Ortiz's] guideline range" or sentence. U.S.S.G. § 1B1.13(a)(2)(B). Therefore, the Court denies Mr. Ortiz's motion to the extend that it seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.

The Court reserves ruling on Mr. Ortiz's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and grants Mr. Ortiz's request to appoint counsel on this matter. The Court will order that counsel be appointed to assist Mr. Ortiz with briefing and collection of relevant records.

**IT IS THEREFORE ORDERED** that Mr. Ortiz's Motion to Reduce Sentence under 18 U.S.C. § 3582 and First Step Act of 2018 for Compassionate Release [Doc. 62] is denied to the extent that it requests a reduction in sentence under 18 U.S.C. § 3582(c)(2). The Court reserves ruling on the motion as it relates to Mr. Ortiz's request for compassionate release and grants Mr. Ortiz's Motions to Appoint Counsel [Docs. 60, 61, 64]. The Clerk of the Court will appoint counsel on this matter.

ENTERED this 1st day of May, 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE